# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARLON T. HOLMES,** : | |
| : | |
| **Petitioner** : | **CIVIL ACTION NO. 3:13-1935** |
| : | |
| v. : | |
| : | **(MANNION, D.J.)** |
| **DANIEL KEEN, et al.,** : | **(BLEWITT, M.J)** |
| : | |
| **Respondents** : | |

# **M E M O R A N D U M**

Pending before the court is the report and recommendation, (Doc. No. 6), of Judge Thomas M. Blewitt recommending that the petition for writ of habeas corpus, (Doc. No. 1), be dismissed, and petitioner's motion to proceed in forma pauperis, (Doc. No. 4), be granted for the purpose of filing this action. Petitioner did not file objections to the report and recommendation. After a review of the record, the court will **ADOPT** the report and recommendation, and the petition for writ of habeas corpus will be **DISMISSED** without prejudice. Petitioner's motion to proceed in forma pauperis will be **GRANTED**.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

Where, as here, no objections to a report and recommendation are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### III. DISCUSSION

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. §2254. He asserts that the trial court lacked jurisdiction to convict him of possessing marijuana with the intent to distribute and unlicensed possession of a firearm, because neither of the informations in those cases had been properly executed by the Dauphin County District Attorney. (Doc. No. 1, at Ex.

A). He also claims that he was constructively denied counsel at his trial because his lawyer remained silent throughout the proceedings. (Doc. No. 1, at 13). He asks the court to hold a hearing and vacate his conviction. (Doc. No. 1, at 21). Petitioner acknowledges that he has a pending state court petition filed under the Post Conviction Hearing Act ("PCHA"), but brought the habeas action because the Dauphin County Court had not ruled on his PCHA petition despite the case pending for over twenty years. (Doc. No. 1, at 5).

Judge Blewitt's report determined that petitioner failed to exhaust his state court remedies because actions are still pending in state court. He notes that petitioner has been appointed counsel in state court. Since the report was filed on August 1, 2013, there has been further action in the pending state actions.[1] Petitioner's appeal in Pennsylvania Superior Court, Appeal Docket No. 1118 MDA 2013, was terminated voluntarily on September 16, 2013. On September 17, 2013, petitioner was granted an extension to time to file a Post Conviction Relief Act ("PCRA") motion in the Dauphin County Court, Criminal Docket No. CP-22-CR-3062-1993 (the case which is the subject of petitioner's instant habeas corpus petition).

As Judge Blewitt thoroughly explains in his report, "a state prisoner must exhaust his state court remedies" before a federal court acting pursuant to

---

[1] The court obtained copies of the state court docket sheets from https://ujsportal.pacourts.us/DocketSheets/CP.aspx and https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx.

§2254 habeas jurisdiction may intervene. Lambert v. Blackwell, 387 F.3d 201, 231-32 (3d Cir. 2004). Moreover, the Supreme Court has recognized "a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable harm to a federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979)(discussing the abstention doctrine articulated by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), and determining that it applies to civil, as well as criminal, proceedings). Application of the *Younger* doctrine to §2254 petitioners is appropriate when they have failed to exhaust their state remedies. Clegg v. Pa., 2009 WL 1034481, at *2 (M.D.Pa. Apr. 16, 2009)(*citing* Arsad v. King, 2008 WL 5107100, at*9 (E.D.Pa. Nov. 26, 2008)).

As petitioner still has a pending action in state court, the report and recommendation of Judge Blewitt is **ADOPTED**, the petitioner's motion to proceed in forma pauperis is **GRANTED** for the sole purpose of filing the instant action, and the petition for habeas corpus is **DISMISSED**, without prejudice, for failure to exhaust state court remedies. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 15, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1935-01.wpd